IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WELL CELL GLOBAL LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-3062 |
| | § | |
| SHAWN PAUL CALVIT, MARC PIERRE DESGRAVES IV, CHARLES ALEXANDER ELLIOT, INSULINIC OF LAFAYETTE LLC, INSULINIC OF HIALEAH LLC, INSULINIC HAWAII, LLC, | § § § § § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

The defendants Shawn Paul Calvit, Insulinic of Lafayette LLC, Insulinic of Hialeah LLC, and Insulinic Hawaii, LLC move for expedited discovery to be completed before the preliminary injunction hearing currently set for September 23, 2022. (Docket Entry. No. 20). Well Cell opposes the motion. (Docket Entry No. 24).

The defendants seek:

1. Communications between Well Cell or WCS and any third-party biller or medical biller related to the Clinics, including communications with Dawn Davis.

2. Any license and assignment related to the 595 Patent, including any exclusive license and assignment between Well Cell and Diabetes Relief LLC or assignment from any inventor listed on the 595 Patent to any entity. In other words, any document that shows a chain of ownership or authority to enforce from the original inventors to the Plaintiff in this case.

3. Any license and assignment related to the 990 Patent, including any exclusive license and assignment between Well Cell and Diabetes Relief LLC or assignment from any inventor listed on the 990 Patent to any entity. In other words, any

document that shows a chain of ownership or authority to enforce from the original inventors to the Plaintiff in this case.

4. Any Documents and communications underlying the claim that the Clinics or Mr. Clavit is infringing on the 595 Patent or the 990 Patent. *See* Complaint ¶¶ 74-80.

5. Any assignment from "Wayne K." and "Bruce B." of their testimonial comments, which You claim were infringed. *See* Complaint ¶ 39.¶

6. Documents sufficient to show the corporate relationship between Well Cell and WCS, including any assignment, in whole or in part, of the License Agreements from WCS to Well Cell.

7. Documents and communications underlying the claim that the Clinics or Mr. Clavit is committing or inducing copyright infringement of Well Cell Copyrighted Works. *See* Complaint ¶¶ 57-59.

8. Documents sufficient to show the assets purchased by Well Cell from Diabetes Relief LLC, including any intellectual property.

(Docket Entry No. 20-1 at 5).

Ordinarily, a party may not seek discovery before the Rule 26(f) conference.  Fed. R. Civ. P. 26(d)(1).  The defendants ask the court to evaluate their request under the "good cause" standard sometimes used by courts in the Fifth Circuit.  (Docket Entry No. 20 at 3).  Under that standard, the court "must examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances."  *St. Louis Group, Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011).  Well Cell argues that the court may use either the good cause standard or the standard announced in *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982), also in common use.  (Docket Entry No. 24 ¶ 10).  Under *Notaro*, the court evaluates the requested discovery by factors similar to those of the preliminary injunction analysis: "(1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of the irreparable injury; and (4) some evidence

that the injury that will result without expedited discovery is greater than the injury the party will suffer if the expedited relief is granted." *Notaro*, 95 F.R.D. at 405.

To a certain extent, the court agrees with both parties. Under either standard, the court agrees with Well Cell that the discovery sought by the defendants is overbroad and would essentially require the expedited and burdensome production of most documents relevant to the merits of the litigation. The court also agrees with Well Cell that the deposition of Well Cell's CEO should provide much of the information necessary for the defendants to address the medical billing issues that prompted Well Cell to terminate the license agreement. In addition, at the hearing on Well Cell's motion for a temporary restraining order, the defendants suggested that they had already removed any Well Cell copyrighted material from their web pages, suggesting that they already have some of the information they now seek.

The court agrees with the defendants that Well Cell must be able to show that it owns or has been assigned the patents in question to demonstrate its standing to enforce them. *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) ("If a party lacks title to a patent, that party has no standing to bring an infringement action under that patent."). This threshold question makes the discovery sought in Requests Nos. 2, 3, and 6 appropriate. With respect to Requests 2 and 3, the court modifies them to read:

> Documents sufficient to show a chain of ownership or authority to enforce the '595 and '590 Patents from the original inventors to the Plaintiff in this case.

Producing this limited set of documents should not require Well Cell to conduct an extensive and expensive search of its files.

The motion, (Docket Entry No. 20), is granted in part. The court orders Well Cell to respond on an expedited basis to Request Nos. 2 and 3, as modified above, and Request No. 6. The response is due by September 28, 2022.

The court may extend a TRO for good cause.  Fed. R. Civ. P. 65(b)(2).  The court finds good cause for extending the TRO while Well Cell locates documents and responds to the defendants' requests, because such an extension fairly balances the defendants' need for information with Well Cell's concerns regarding the defendants' use of its intellectual property.  The preliminary injunction hearing is reset to **October 3, 2022, at 10:30 a.m.** in Courtroom 11-B.  The TRO will be extended to that date.

The motion, (Docket Entry No. 20), is otherwise denied.

SIGNED on September 22, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge