United States District Court
Southern District of Texas
**ENTERED**
February 26, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WELL CELL GLOBAL LLC *and* WELL CELL SUPPORT LLC, | § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. H-22-3062 |
| v. | § § | |
| SHAWN PAUL CALVIT, MARC PIERRE DESGRAVES IV, CHARLES ALEXANDER ELLIOTT, PATRICK DALE LELEUX, M.D., INSULINIC OF LAFAYETTE LLC, INSULINIC OF HIALEAH LLC, INSULINIC OF HAWAII, LLC, INSULINIC OF GRETNA, LLC, *and* INSULINIC OF HAMMOND, LLC, | § § § § § § § § § § § | |
| Defendants. | § | |

## ORDER

In February of 2023, prior to the stay in this case and the resolution of the injunction appeal, the plaintiffs moved for release of their temporary restraining order bond obligation on the basis that the TRO had expired. (Docket Entry No. 115). The defendants opposed, arguing that the bond obligation should not be released until the case is fully adjudicated on the merits. (Docket Entry No. 132). Several months after this briefing, the Federal Circuit reversed this court's grant of a preliminary injunction on the basis that the plaintiff had not shown proof of irreparable harm and likelihood of success on the merits. *Well Cell Glob. LLC v. Calvit*, No. 2023-1229, 2023 WL 6156082 (Fed. Cir. Sept. 21, 2023).

"The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages

sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  "A party injured by the issuance of an injunction later determined to be erroneous has no action for damages in the absence of a bond." *W.R. Grace & Co. v. Loc. Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 461 U.S. 757, 770 n.14 (1983).

The plaintiffs argued that they are entitled to release of the bond because the TRO has expired and "no claims hav[e] been made against the bond[,]" (Docket Entry No. 115 at 2), citing Federal Rule 65.1.  But Rule 65.1 does not provide the standard for release of a bond obligation, let alone the basis that plaintiffs urge. Fed. R. Civ. P. 65.1.  The defendants are correct that they cannot yet file a motion for wrongful injunction against the bond because there has been no final determination regarding the injunction in this case.  Until such final judgment is entered, and the defendants have had the opportunity to move for wrongful injunction if applicable, the TRO and preliminary injunction bonds cannot be released.

The motion for release of the TRO bond obligation, (Docket Entry No. 115) is denied on the present record.

SIGNED on February 26, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge