# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WELL CELL GLOBAL LLC, WELL CELL SUPPORT LLC, AND DIABETES RELIEF LLC, <br>    *Plaintiffs,* <br><br> v. <br><br> SHAWN PAUL CALVIT, MARC PIERRE DESGRAVES IV, CHARLES ALEXANDER ELLIOTT, INSULINIC LLC, INSULINIC OF LAFAYETTE LLC, INSULINIC OF HIALEAH LLC, INSULINIC HAWAII, LLC, INSULINIC OF GRETNA, LLC, INSULINIC OF HAMMOND, LLC, DIABETES MANAGEMENT CLINIC, LLC, AND INTEGRAL MEDICINE GROUP, INC. <br>    *Defendants.* | § § § § § § § § § § § § § § § § § § § | CIVIL CASE NO. 4:22-cv-03062-LHR <br><br> JURY DEMANDED |

---

**STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION**

---

**TO THE HONORABLE COURT:**

Upon consideration of the Joint Motion for Entry of Stipulated Consent Judgment and Permanent Injunction filed by Plaintiffs, Well Cell Global LLC, Well Cell Support LLC, and Diabetes Relief LLC (collectively, **"Plaintiffs"**), together with Defendants, Shawn Paul Calvit, Patrick Dale Leleux, MD, Insulinic LLC, Insulinic of Lafayette LLC, Insulinic of Hialeah LLC, Insulinic of Gretna, LLC, Insulinic of Hammond, LLC, and Integral Medicine Group, Inc. (collectively, **"Settling Defendants"**), as well as all papers filed in this action, the Court hereby **ORDERS, ADJUDGES, and DECREES** that:

1. The Court finds that it has jurisdiction of the subject matter of this lawsuit and the amount in question is within the jurisdictional limits of this Court.

2. The Court finds that it has personal jurisdiction over Settling Defendants.

3. The Court finds that venue in this district is proper.

4. The Court finds that the Settling Defendants have consented to the entry of this Stipulated Consent Judgment of Permanent Injunction.

5. The Court finds that Plaintiff Well Cell Global LLC (**"Well Cell Global"**) owns valuable and exclusive rights to United States Patent Number 10,533,990 B2, entitled "physiologic insulin-sensitivity improvement," which was duly and legally issued on January 14, 2020, and names Scott Hepford, Carol Ann Wilson, and Stanley Tories Lewis, Jr., among others, as the inventors, and United States Patent Number 9,652,595, entitled "kit that improves impaired hepatic glucose processing in patients," which was duly and legally issued on May 16, 2017, and names Scott Hepford and Carol Ann Wilson, among others, as the inventors (the **"Patents"**); Well Cell Global also owns all common law and/or registered trademark rights to various marks, including the marks "Diabetes Relief," "$DR_x$," and "Physiologic Insulin Resensitization" (the **"Trademarks"**); additionally, Well Cell Global holds the exclusive rights to certain creative works, registered with the United States Copyright Office under the following Registration Numbers: TX-8-452-464, VAu 1-330-086, VA 2-185-843, and VAu 1-305-789 (the **"Copyrighted Works"**); and Well Cell Global owns numerous proprietary trade secrets developed as part of its business operations that have significant economic value, as more thoroughly detailed in Plaintiff's live complaint, and Well Cell Global strictly protects the confidentiality of these trade secrets (the **"Trade Secrets"**).

6. The Court finds that Well Cell Global's Patents are valid, that Well Cell Global's Trademarks are suggestive and distinctive, that Well Cell's Copyrighted Words are original

works exclusive to it, and that Well Cell's Trade Secrets are proprietary, valuable, and confidential.

7. Settling Defendants and their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them, who receive actual notice of this Stipulated Consent Judgment and Permanent Injunction by personal service or otherwise, are immediately and permanently enjoined and restrained from doing any of the following without written authorization from Plaintiffs:

   a. Practicing the therapy disclosed in U.S. Patent No. 10,533,990;

   b. Using any of the knowledge, information, training, or materials taught, delivered, described, or otherwise imparted from Plaintiffs, in whole or in part, as part of any medical procedure, treatment, therapeutic modality, or otherwise;

   c. Practicing Well Cell Global's propriety method of insulin resensitization, the microburst insulin infusion modality, or any other form of exogenous intravenous insulin infusion designed to treat diabetes or other metabolic disorders;

   d. Disclosing Plaintiffs' trade secrets, including their confidential business contacts and their specialized medical training, including their training modules, videos, and handbooks, and methods of conducting their business for Well Cell Global's proprietary method of insulin resensitization for the treatment of diabetes to any person or entity in the United States; and

   e. Representing, by any means whatsoever, that any products manufactured, distributed, advertised, offered or sold by the Settling Defendants are Well Cell Global's products or vice versa, and from otherwise acting in a way likely to cause confusion, mistake, or deception on the part of purchasers or consumers as to the origin or sponsorship of such products.

8. Plaintiffs' claims against Settling Defendants are dismissed with prejudice, however Settling Defendants are hereby bound to the terms of the injunction provided herein, pursuant to Federal Rule of Civil Procedure 65(d)(2)(C).

9. Plaintiff Well Cell Global's bond of $10,000.00 deposited in connection with the Temporary Restraining Order issued on September 21, 2022 is released, and shall be returned, in full, to Plaintiff Well Cell Global.

10. Plaintiff Well Cell Global's bond of $50,000.00 deposited in connection with the Order of Preliminary Injunction issued on November 10, 2022 is released, and shall be returned, in full, to Plaintiff Well Cell Global.

11. All claims, defenses, and issues in this action between Plaintiffs and Settling Defendants are finally resolved by this Stipulated Consent Judgment and Permanent Injunction.

12. All attorneys' fees, costs of court, and expenses shall be borne by each party incurring the same.

13. No security shall be required with respect to the entry of any of the provisions of this Stipulated Consent Judgment and Permanent Injunction.

14. This Court shall retain continuing jurisdiction over the parties and this action for purposes of enforcing or adjudicating claims of violations of this Stipulated Consent Judgment and Permanent Injunction.

15. There being no just reason for delay, the Clerk of this Court is directed to enter this Stipulated Consent Judgment and Permanent Injunction.

**SO ORDERED** on _____, 2024 at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge