United States District Court
Southern District of Texas
**ENTERED**
April 18, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WELL CELL GLOBAL LLC, *et al.*, § § § | |
| Plaintiffs, § | |
| v. § | CIVIL ACTION NO. 22-3062 |
| § | |
| SHAWN PAUL CALVIT, *et al.*, § § § | |
| Defendants. § § § | |

**AMENDED MEMORANDUM AND OPINION**

The plaintiffs, Well Cell Global LLC, Well Cell Support LLC, and Diabetes Relief LLC, sued a number of defendants, alleging trademark infringement, trade secret misappropriation, and unfair competition arising from the defendants' unauthorized use of the plaintiffs' proprietary diabetes treatments. After extensive motions practice, an appeal to the Federal Circuit and remand, and settlements with many of the defendants, the remaining defendants are Desgraves, Elliott, and Insulinic HI. (Docket Entry No. 210). These defendants are currently unrepresented and have not participated in the case. The plaintiffs have moved for partial summary judgment. (Docket Entry No. 219). No response has been filed. Based on the pleadings, the motion, the record, and the applicable law, the court grants the motion for partial summary judgment. (*Id.*). The reasons are stated below.

I.  **The Legal Standard**

   A.  **The Summary Judgment Standard**

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"

*Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)). "A fact is material if it 'might affect the outcome of the suit.'" *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019), *as revised* (Jan. 25, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). When considering a motion for summary judgment, the court "must consider all facts and evidence in the light most favorable to the nonmoving party" and "must draw all reasonable inferences in favor of the nonmoving party." *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and pointing to record evidence demonstrating that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* Fed. R. Civ. P. 56(c). "When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is a dispute of material fact warranting trial.'" *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration adopted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)).

"Once the moving party has initially shown that there is an absence of evidence to support the non-moving party's cause, the non-movant must come forward with specific facts showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quotation marks and quoting reference omitted). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v.*

*Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (quotation marks and quoting reference omitted). Rather, the nonmovant "must identify specific evidence in the record and articulate the precise manner in which that evidence supports [its] claim." *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (alteration adopted) (quotation marks and quoting reference omitted). The movant is entitled to judgment as a matter of law when "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp.*, 477 U.S. at 323. But "[i]f 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson*, 477 U.S. at 250–51).

### B. The Standards for Trade Secret Misappropriation and Trademark Infringement

Under both the DTSA and the TUTSA, the elements of a trade secret misappropriation claim are: "(1) the existence of trade secrets; (2) misappropriation; and (3) use." *M-I LLC v. Q'Max Sols, Inc.*, 2019 WL 3565104, *3 (S.D. Tex. Aug. 6, 2019). The Lanham Act provides a cause of action for infringement when a person uses (1) any reproduction, copy, or colorable imitation of a mark; (2) without the registrant's consent; (3) in commerce; (4) in connection with the sale, offering for sale, distribution, or advertising of any goods; (5) and where such use is likely to cause confusion, or to cause mistake or to deceive. *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008); *Sueros Y Bebidas Rehidratantes, S.A. De D.V. V. Indus Enterprises, LLC*, 2023 WL 5733841, *5 (S.D. Tex. Sept. 5, 2023) (quoting 15 U.S.C. § 1114(1)(a)). A Lanham Act unfair competition claim is governed by the same standard for likelihood of confusion. *See Mission Pharacal*, 23 F. Supp. 3d at 759 (quoting *Matrix Essentials, Inc. v. Emporium Drug Mart*, 988 F.2d 587, 592 (5th Cir. 1993). The likelihood of confusion is analyzed based on the following digits of confusion: the strength of the plaintiff's mark; the similarity of design between the marks;

the similarity of the products; the identity of retail outlets and purchasers; the similarity of the advertising media used; the defendants' intent; actual confusion; and the degree of care exercised by potential purchasers. *See Sueros*, 2023 WL 5733841 at *5 (quoting *Am. Rice*, 518 F.3d at 329). Proof of actual confusion is not required, and no one factor is dispositive. *Id*.

Under Texas common law, a plaintiff must prove that the name is eligible for protection; the plaintiff is the senior user; the plaintiff's mark and the competitor's marks are likely to confuse consumers; and, if injunctive relief is sought, that the likelihood of confusion will cause irreparable injury, with no adequate legal remedy. *HardRiders Motorcycle Club Ass'n v. HardRiders, Inc.*, 2015 Tex. App. LEXIS 8879, *10-11 (Tex. App. — Houston [14th District.] Aug. 25, 2015, pet. denied). A finding of a likelihood of confusion under federal law is enough to prove trademark infringement under Texas law. *See Choice Hotels Int'l, Inc. v. Patel*, 940 F. Supp. 2d 532, 538 (S.D. Tex. 2013) (quoting *Dallas Cowboys Football Club, Ltd. V. Am.'s Team Props., Inc.*, 616 F. Supp. 2d 622, 637 (N.D. Tex. 2009)).

## II. Analysis

### A. The Plaintiffs Possess Trade Secret Information

The record shows that Diabetes Relief possesses training materials developed through its research into its propriety processes. (Ex. A at 5-7, ¶¶ 7-8 & 10-12, ¶¶ 12-13). The training materials include a physiology chart, instructions on insulin dosing procedures, the use of propriety devices for treatment of diabetes, including flow sheets, care plans, and study guides. The record also shows that Well Cell possesses Diabetes Relief's information through the acquisition of Diabetes Relief. Well Cell also has proprietary information that it has developed, including physician education and training materials that explain Well Cell's and Diabetes Relief's information; data compilations collected and organized by Well Cell and Diabetes Relief; and

techniques and methods for using the proprietary devices and systems in a clinical setting, including pumps and cassettes. The record shows that the plaintiffs spent over a decade and millions of dollars to create their propriety processes and devices for insulin administration and diabetes treatment.  (Ex. A at 4-7, ¶¶ 6-8 & 10-12, ¶¶ 12-13).

The record also shows that the plaintiffs take reasonable measures to protect the confidentiality of the trade secrets relating to their propriety processes and devices.  (Ex. A at 13-16, ¶¶ 15-17). The plaintiffs require licensees and others who receive the trade secret information to sign nondisclosure and confidentiality agreements. The plaintiffs impose similar limits on disclosure and use of their trade secrets within the company, including its employees, agents, and contractors. These are reasonable measures to maintain the confidentiality of trade secret information.

The record shows that the plaintiffs' trade secrets derive substantial economic value from the fact that the information is not otherwise known or available to others.  (Ex. A at 4-5, ¶ 6; 7-8, ¶ 9; 12-13, ¶¶ 13-14; 16-17, ¶ 19; & 19-21, ¶¶ 25-26). This value is reflected in the fact that licensees are willing to pay for access to, and use of, the plaintiffs' trade secrets. *See Silverthorne Seismic, LLC v. Sterling Seismic Servs., Ltd.*, No. CV H-20-2543, 2021 WL 11728206, at *8 (S.D. Tex. June 1, 2021).

B. The Defendants Misappropriated the Plaintiffs' Trade Secrets

The record shows that the defendants used and disclosed the plaintiffs' trade secrets, in violation of the licenses they possessed, after those licenses expired or were revoked, or without obtaining a license at all. (Ex. A at 27-28, ¶¶ 40-41; 32 ¶¶ 51-52.).  The defendants disclosed the plaintiffs' trade secrets to open and operate related unlicensed clinics to perform the plaintiffs' proprietary and innovative processes for the treatment and management of diabetes. These clinics were located in different states, including Louisiana and Hawaii.  The defendants advertised

services at these clinics that used the plaintiffs' proprietary and trade secret information. The plaintiffs are entitled to summary judgment on their claim that the defendants misappropriated their trade secrets in interstate commerce.

### C. The Trademark Infringement and Unfair Competition Claims

The plaintiffs have presented undisputed evidence that they are the senior users of their valid, protectable marks, which they licensed to the defendants. (Ex. A at 4, ¶ 5 & 9-10, ¶ 11; 13-14, ¶ 15 & 18-23, ¶¶ 23-33). The marks included "Diabetes Relief," "DRx," and "Physiologic Insulin Resentitization," "Well Cell," "Well Cell Global," "Well Cell Support," and "Insulin as a hormone not a drug." (*Id*. at 4, ¶ 5 & 9-10, ¶ 11). Well Cell developed and owned these marks and used them since at least February 2016. (*Id*. at 13-14, ¶ 15 & 18-23, ¶¶ 23-33). The plaintiffs have also presented undisputed evidence that the defendants used the marks without authority, both in operating unlicensed clinics and continuing to use the marks after any licenses to do so had been terminated. (*Id*. at 28, ¶ 41 & 31-33, ¶¶ 50-53).

### IV. Conclusion

The plaintiffs' motion for partial summary judgment, to which no response has been filed, is granted. (Docket Entry No. 219). The plaintiffs must file a proposed final judgment no later than April 30, 2025.

SIGNED on April 18, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge