IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WELL CELL GLOBAL LLC, WELL CELL SUPPORT LLC, AND DIABETES RELIEF LLC,<br>    *Plaintiffs,*<br><br>v.<br><br>SHAWN PAUL CALVIT, MARC PIERRE DESGRAVES IV, CHARLES ALEXANDER ELLIOTT, INSULINIC LLC, INSULINIC OF LAFAYETTE LLC, INSULINIC OF HIALEAH LLC, INSULINIC HAWAII, LLC, INSULINIC OF GRETNA, LLC, INSULINIC OF HAMMOND, LLC, DIABETES MANAGEMENT CLINIC, LLC, AND INTEGRAL MEDICINE GROUP, INC.<br>    *Defendants.* | § § § § § § § § § § § § § § § § § § § § | CIVIL CASE NO. 4:22-cv-03062-LHR<br><br>JURY DEMANDED |

**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION**

WHEREAS, Plaintiffs, Well Cell Global LLC, Well Cell Support LLC, and Diabetes Relief LLC ("**Plaintiffs**"), having entered into a stipulated consent judgment with Defendants, Shawn Paul Calvit, Patrick Dale Leleux, MD, Insulinic LLC, Insulinic of Lafayette LLC, Insulinic of Hialeah LLC, Insulinic of Gretna, LLC, Insulinic of Hammond, LLC, and Integral Medicine Group, Inc. (*see* D.I. 211 & 212), and having dismissed Defendant, Diabetes Management Clinic, LLC (*see* D.I. 218), have moved for summary judgment against remaining Defendants, Marc Pierre Desgraves IV, Charles Alexander Elliott, and Insulinic of Hawaii LLC, (collectively "**Remaining Defendants**") regarding the liability of the Remaining Defendants for trade secret misappropriation, trademark infringement, and unfair competition; and

WHEREAS, the Court, having considered the pleadings and Plaintiffs' summary judgment and having granted Plaintiffs' summary judgment against the Remaining Defendants regarding liability for trade secret misappropriation, trademark infringement, and unfair competition; and

WHEREAS, the Court, having considered the pleadings and having granted Plaintiffs' summary judgment against the Remaining Defendants regarding damages; and

WHEREAS, the Court, having considered the pleadings and Plaintiffs' proposed Final Judgment, and with good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

1. The Court has subject matter and personal jurisdiction over this action and Plaintiffs and the Remaining Defendants.

2. Venue is proper before this District.

3. The Court incorporates by reference as if set forth fully herein its findings set forth in its Order Granting Stipulated Judgment and Permanent Injunction (D.I. 212) and Memorandum and Opinion and Order granting Plaintiffs' summary judgment against the Remaining Defendants (D.I. 221 & 222).

4. The Court makes the following additional findings as to Plaintiffs' claims for trade secret misappropriation against the Remaining Defendants:

   a. The Remaining Defendants were given a license to Plaintiffs' Trade Secrets, which was revoked by Plaintiffs as a result of the actions of the Remaining Defendants in their improper use thereof. Following this revocation, the Remaining Defendants continued to use, and continue to use, Plaintiffs' Trade Secrets without such authority.

   b. Plaintiffs have suffered lost profits as a result of the misappropriation of their Trade

Secrets by the Remaining Defendants, wherein Plaintiffs would have gained said profits but for said misappropriation in the competing businesses of the Remaining Defendants.

c. The misappropriation of Plaintiffs' Trade Secrets by Remaining Defendants was willful and malicious, and, thus, Plaintiffs are entitled to an award of exemplary damages in an amount equal to twice the award of any other monetary damages pursuant to 18 U.S.C. § 1836(b)(3)(C) and reasonable attorney's fees in this action pursuant to 18 U.S.C. § 1836(b)(3)(D).

5. The Court makes the following additional findings as to Plaintiffs' claims for trademark infringement and unfair competition against the Remaining Defendants:

a. Plaintiffs have suffered lost profits as a result of the infringement of Plaintiffs' Trademarks by the Remaining Defendants, wherein Plaintiffs would have gained said profits but for said infringement in the competing businesses of the Remaining Defendants.

b. The nature of the relationship between Plaintiffs and the Remaining Defendants and the fact that Plaintiffs and the Remaining Defendants are direct competitors, the lost profits of Plaintiffs are directly measurable, in part, by the profits gained by the Remaining Defendants.

c. The Remaining Defendants were given a license to Plaintiffs' Trademarks, which was revoked by Plaintiffs as a result of the actions of the Remaining Defendants in their improper use thereof. Following this revocation, the Remaining Defendants continued to use, and continue to use, Plaintiffs' Trademarks without such authority.

    d.  Plaintiffs possess a high reputation and goodwill in their field, including as a result of the technologies they developed. This reputation and goodwill is highly important to Plaintiffs, including because they are a market leader and have been required to, and continue to be required to, put forth efforts to counteract the infringement and misrepresentations of the Remaining Defendants.

    e.  Plaintiffs have suffered loss of business, including loss of additional past and future licensees and patients, as a result of the Remaining Defendants' unauthorized use of Plaintiffs' Trademarks.

    f.  The misappropriation of Plaintiffs' Trademarks by Remaining Defendants was willful and malicious, and, thus, Plaintiffs are entitled to an award of exemplary damages in an amount equal to twice the award of any other monetary damages pursuant to TEX. CIV. PRAC. & REM. CODE § 134A.004 and reasonable attorney's fees in this action pursuant to TEX. CIV. PRAC. & REM. CODE § 134A.005.

    g.  The Remaining Defendants' use of Plaintiffs' Trademarks in connection with the competing businesses of the Remaining Defendants was done with deliberate, intentional, willful, and malicious intent of the Remaining Defendants.

    h.  There was actual confusion by consumers due to the infringing use of Plaintiffs' Trademarks by the Remaining Defendants, resulting in the diversion of sales from Plaintiffs to the Remaining Defendants.

    i.  As a result of the acts of the Remaining Defendants in both pre-suit infringement and post-suit infringement, this case is exceptional and stands out from other similar cases.

6.    Judgment is entered in favor of Plaintiffs as follows:

    a. Judgment is entered in favor of Plaintiffs and against the Remaining Defendants both individually and as joint and severally liable defendants for Plaintiffs' trade secret misappropriation, trademark infringement, and unfair competition claims.

7. The Remaining Defendants, and their respective officers, directors, agents, parents, subsidiaries, affiliates, successors, assigns, and each of them, and upon those persons in active conceit or participation with them, who receive actual notice of this Final Judgment and Permanent Injunction by personal service or otherwise, are immediately and permanently enjoined and restrained from doing any of the following without written authorization from Plaintiffs:

    a. Using any of the knowledge, information, training, or materials taught, delivered, described, or otherwise imparted from Plaintiffs, in whole or in part, as part of any medical procedure, treatment, therapeutic modality, or otherwise;

    b. Practicing Plaintiffs' propriety method of insulin resensitization, the microburst insulin infusion modality, or any other form of exogenous intravenous insulin infusion designed to treat diabetes or other metabolic disorders;

    c. Disclosing Plaintiffs' Trade Secrets, including their confidential business contacts and their specialized medical training, including their training modules, videos, and handbooks, and methods of conducting their business for Plaintiffs' proprietary method of insulin resensitization for the treatment of diabetes to any person or entity in the United States;

    d. Representing, by any means whatsoever, that any products manufactured, distributed, advertised, offered or sold by the Remaining Defendants are Plaintiffs' products or vice versa, and from otherwise acting in a way likely to cause confusion, mistake, or deception on the part of purchasers or consumers as to the

      origin or sponsorship of such products;

   e. Using Plaintiffs' Trademarks or any confusingly similar derivative thereof, in any form, in connection with the promotion of goods and/or services or as a tradename, service mark, or logo in any such manner that is likely to cause consumer confusion, in a manner disparaging to Plaintiffs, or in a manner that would otherwise unfairly compete with Plaintiffs' trade or business; and

   f. Using any internet domain or other social media address that includes any of Plaintiffs' Trademarks or any confusingly similar derivation. Promptly, and in compliance with the injunction, the Remaining Defendants shall cooperate with Plaintiffs to transfer any such domain name to Plaintiffs' control, and shall terminate the use of any other similar domains it holds as well as any other social media address making use of Plaintiffs' Trademarks or any derivation thereof.

8. Plaintiffs are entitled to the following damages for its trade secret misappropriation claims against the Remaining Defendants:

   a. Plaintiffs are entitled to actual damages for the Remaining Defendants' unauthorized use of Plaintiffs' Trade Secrets in an amount of $4,544,407.47.

   b. Plaintiffs are entitled to a reasonable royalty for the Remaining Defendants' unauthorized use of Plaintiffs' Trade Secrets in an amount of $1,075,645.51.

   c. Plaintiffs are entitled to exemplary damages in an amount of $3,000,000.00 as compensation for the acts of the Remaining Defendants and harm to Plaintiffs' business and reputation therefrom.

   d. Plaintiffs are entitled to their reasonable attorneys' fees as to the Remaining Defendants in proceeding with this litigation in the amount of $3,416,65.49.

    e. Plaintiffs are entitled to their costs and expenses as to the Remaining Defendants in proceeding with this litigation in the amount of $1,077.00.

    f. Plaintiffs are entitled to pre-judgment interest in the amount of $498,836.90, at a rate of 7.50%, compounded daily from September 7, 2022 when Plaintiffs sent notice to at least one of the members of Defendants Insulinic HI until date of this Final Judgment.

    g. Plaintiffs are entitled to pre-judgment interest at a rate of 3.97% per annum.

9. Plaintiffs are entitled to the following damages for its trademark infringement and unfair competition claims against the Remaining Defendants:

    a. Plaintiffs are entitled to actual damages for the Remaining Defendants' unauthorized use of Plaintiffs' Trademarks in an amount of $4,544,407.47.

    b. Plaintiffs are entitled to a reasonable royalty for the Remaining Defendants' unauthorized use of Plaintiffs' Trademarks in an amount of $1,075,645.51.

    c. Plaintiffs are entitled to exemplary damages in an amount of $3,000,000.00 as compensation for the acts of the Remaining Defendants and harm to Plaintiffs' business and reputation therefrom.

    d. Plaintiffs are entitled to their reasonable attorneys' fees as to the Remaining Defendants in proceeding with this litigation in the amount of $3,416,65.49.

    e. Plaintiffs are entitled to their costs and expenses as to the Remaining Defendants in proceeding with this litigation in the amount of $1,077.00.

    f. Plaintiffs are entitled to pre-judgment interest in the amount of $498,836.90, at a rate of 7.50%, compounded daily from September 7, 2022 when Plaintiffs sent notice to at least one of the members of Defendants Insulinic HI until date of this

Final Judgment.

g. Plaintiffs are entitled to pre-judgment interest at a rate of 3.97% per annum.

10. Based on the foregoing, the total amount awarded to Plaintiffs against the Remaining Defendants is $16,771,973.71, broken down as follows:

a. $9,088,814.94 in damages comprising Plaintiffs' lost profits and disgorgement of the profits of the Remaining Defendants;

b. $6,000.000.00 in exemplary damages;

c. $683,330.98 in attorneys' fees;

d. $2,154.00 in costs; and

e. $997,673.79 in prejudgment interest.

11. Plaintiffs' claims against the Remaining Defendants are dismissed with prejudice, however the Remaining Defendants are hereby bound to the terms of the injunction provided herein, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 65(d)(2)(C).

12. All claims, defenses, and issues in this action between Plaintiffs and the Remaining Defendants are finally resolved by this Final Judgment and Permanent Injunction, thus disposing of all claims of Plaintiffs.

13. No security shall be required with respect to the entry of any of the provisions of this Final Judgment and Permanent Injunction.

14. If any of the Remaining Defendants breaches any terms of the Final Judgment and Permanent Injunction, then Plaintiffs shall be entitled to recover their reasonable attorneys' fees and costs incurred in seeking enforcement of the Final Judgment and Permanent Injunction.

15. This Court shall retain continuing jurisdiction over the parties and this action for purposes of enforcing or adjudicating claims of violations of this Final Judgment and Permanent Injunction,

and any motion or application seeking its enforcement shall be directed to this Court.

16.  There being no just reason for delay, the Clerk of this Court is directed to enter this Final Judgment and Permanent Injunction.

   IT IS SO ORDERED

   Dated: April 29, 2025

                                             _____
                                             HONORABLE JUDGE PRESIDING