IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WELL CELL GLOBAL LLC, WELL CELL SUPPORT LLC, AND DIABETES RELIEF LLC,<br><br>*Plaintiffs,*<br><br>V.<br><br>SHAWN PAUL CALVIT, MARC PIERRE DESGRAVES IV, CHARLES ALEXANDER ELLIOTT, INSULINIC LLC, INSULINIC OF LAFAYETTE LLC, INSULINIC OF HIALEAH LLC, INSULINIC HAWAII, LLC, INSULINIC OF GRETNA, LLC, INSULINIC OF HAMMOND, LLC, DIABETES MANAGEMENT CLINIC, LLC, and INTEGRAL MEDICINE GROUP, INC.,<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § § § | CIVIL CASE NO.<br>4:22-cv-03062-LHR<br><br>(JURY DEMANDED) |

**AFFIDAVIT OF LEMA MOUSILLI IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND ENTRY OF FINAL JUDGMENT**

| | |
|---|---|
| STATE OF TEXAS | § § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared LEMA MOUSILLI, Affiant, who being duly sworn, under oath, stated the following:

1. My name is **Lema Mousilli**. I am over eighteen (18) years of age, of sound mind, and fully capable of making this affidavit. I have never been convicted of a misdemeanor or felony. The

facts set forth herein are based on my personal knowledge and are true and correct, and I am competent to testify to them.

2.  I am a citizen and resident of Harris County, Texas. I am the lead attorney for Plaintiffs, Well Cell Global LLC, Well Cell Support LLC, and Diabetes Relief LLC (collectively, "**Plaintiffs**"), in the case of Well Cell Global, et al. v. Shawn Calvit, et al., Case No. 4:22-CV-03062-LHR currently pending in the District Court for the Southern District of Texas, Houston Division, and I am familiar with the matters in controversy in the litigation.

3.  I submit this Affidavit in support of Plaintiffs' Motion for Summary Judgment and Entry of Final Judgment filed in the Southern District of Texas in this case.

4.  I have been licensed to practice law in Texas since 2006. I am also admitted to practice before the U.S. District Court for the Southern District of Texas, U.S. District Court for the Western District of Texas, U.S. District Court for the Northern District of Texas, U.S. District Court for the District of Colorado, U.S. District Court for the District of Columbia, U.S. Court of Appeals for the Federal Circuit, U.S. Court of Appeals for the Fifth Circuit, and the U.S. Court of Federal Claims. I am the Principal Attorney for Mousilli Law, PLLC, the law firm which represents Plaintiffs in this case. A large portion of my practice has been devoted to litigation of matters such as this in state and federal court nationwide.

5.  I am familiar with normal and reasonable legal fees necessary for this type of case. My billing rate is $475 per hour. Shea Palavan is an associate at Mousilli Law, PLLC and he is billed at a rate of $420 per hour. Mr. Palavan has been licensed since 2012 and has devoted a large portion of his practice to litigation of matters such as this in state and federal court. Judy Martinez is a senior paralegal who bills at a rate of $120 per hour. Mari Lumbreras is a legal assistant who bills at a rate of $105 per hour. In my opinion, these rates (and all rates charged to Plaintiffs by Mousilli

Law, PLLC) are reasonable and necessary for the services rendered in this matter as compared with fees customarily charged for similar legal services, considering the reputation, experience, and skills of the professionals involved. In connection with the opinions I express below, I have considered whether any of the governing factors under Texas and federal law warrant a deviation from the application of the "lodestar" method of calculating legal fees based upon reasonable rates and the hours extended, as set forth in the Texas Supreme Court case of *Rohrmoos Venture vs. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 494 (Tex. 2019), and I have concluded that they do not.[1]

6. I have over nineteen years of experience litigating matters similar to this case in both state and federal court nationwide. The other professionals at Mousilli Law, PLLC involved in this case also have a significant amount of experience in state and federal court.

7. The novelty and difficulty of the questions involved in this case required firm professionals to work a total of approximately 1,537 hours, which amount to a total of $683,330.98 in attorneys' fees. Additionally, there were incurred costs of $2,154.00 for this case.

---

[1] Those factors and their application to the instant case are as follows:
    (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly [*this case required moderate skill*];
    (2) the likelihood … that the acceptance of the particular employment will preclude other employment by the lawyer [*this case did not prevent other employment*]
    (3) the fee customarily charged in the locality for similar legal services [*the rates charged are consistent*]
    (4) the amount involved and the results obtained [*Ms. Wang was threatened with a significant amount of monetary damages and attorney's fees and Ms. Wang was successful of obtaining complete relief in this case under the TCPA, which mandates an award of Ms. Wang's attorney's fees*]
    (5) the time limitations imposed by the client or by the circumstances [*significant time pressure existed due to the emergency relief requested by Plaintiff*]
    (6) the nature and length of the professional relationship with the client [*not applicable*]
    (7) the experience, reputation, and ability of the lawyer or lawyers performing the services [*Mousilli Law, PLLC's attorneys are experienced, skilled, and highly regarded*]; and
    (8) whether the fee is fixed or contingent on the results obtained or uncertainty of legal collection before the legal services have been rendered [*the fee was hourly*].
*Id.* at 494 [bracketed information added].

8. Exhibit 1 attached hereto is a true and correct copy of a signed and notarized affidavit of Scott A. Hepford in support of Plaintiffs' motion.

9. Exhibit 2 attached hereto is a true and correct copy of a signed and notarized affidavit of Carol Wilson in support of Plaintiffs' motion.

10. Exhibit A attached hereto is a true and correct copy of a letter sent to the defendants in this matter prior to the initiation of this suit, as sent on September 7, 2022, as produced in this case at Bates No. INSU_PI_000952-INSU_PI_000968.

11. Exhibit B attached hereto is a true and correct copy of the operating agreement of Insulinic HI showing Defendant Calvit as a signatory, imputing his knowledge to the others, as produced in this case at Bates No. INSU_PI_002028-INSU_PI_002041.

12. Exhibit C attached hereto is a true and correct copy of a press release of the Remaining Defendants, as produced in this case at Bates No. WCG003368-WCG003370.

FURTHER AFFIANT SAYETH NOT

_____
Lema Mousilli

SWORN TO AND SIGNED BEFORE ME BY Lema Mousilli to me personally known on this 30th day of April, 2025, to certify which witness my hand and official seal of office.

_____
Notary Public, State of Texas

JUDY MARTINEZ
Notary Public, State of Texas
Comm. Expires 11-25-2027
Notary ID 126278641

AFFIDAVIT OF LEMA MOUSILLI IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND ENTRY OF FINAL JUDGMENT