## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| WELLCELL GLOBAL LLC, et al., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 22-3062 |
| | § | |
| SHAWN PAUL CALVIT, et al., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT MARC P. DESGRAVES IV'S
## MOTION TO ALTER OR AMEND JUDGMENT
## AND MOTION TO STAY ENFORCEMENT PENDING SETTLEMENT DISCUSSIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Marc P. DesGraves IV, by and through the undersigned counsel, respectfully files this Motion to Alter or Amend the Final Judgment pursuant to Federal Rule of Civil Procedure 59(e) and moves this Court to stay further enforcement proceedings and the permanent injunction pursuant to Federal Rules of Civil Procedure 62(b) and 62(d), and in support thereof would respectfully show the Court the following:

### I. INTRODUCTION

This motion is not brought to challenge the Court's findings on liability or to relitigate the underlying claims. Rather, Defendant DesGraves respectfully seeks a narrow and good-faith opportunity to resolve this matter through settlement discussions that have already begun, without triggering enforcement actions or further proceedings.

The Final Judgment entered on May 14, 2025, is currently subject to the automatic 30-day stay under Rule 62(a). This motion requests a limited extension of that stay, including a stay of the permanent injunction under Rule 62(d), to preserve the status quo and avoid unnecessary costs, disruption, or additional filings during an active effort to negotiate resolution.

### II. PROCEDURAL BACKGROUND

On May 14, 2025, the Court entered a Final Judgment awarding Plaintiffs over $16 million in damages, attorneys' fees, and interest, and imposing a permanent injunction against the Defendants, including Mr. DesGraves. Prior to judgment, Mr. DesGraves appeared pro se and was unable, due to financial hardship, to mount a full legal defense or meaningfully participate in discovery or pretrial practice.

Immediately following entry of judgment, Mr. DesGraves submitted a good-faith settlement letter to Plaintiff's counsel, expressing a sincere desire to resolve the case, admit fault, and enter a structured payment plan based on his limited W-2 income.

He has now retained undersigned counsel to formally request time to finalize that process and to ask the Court to amend certain portions of the judgment to facilitate resolution and avoid unnecessary appellate proceedings.

## III. ARGUMENTS AND AUTHORITIES

*A. Amendment Is Appropriate to Prevent Undue Prejudice and Promote Judicial Economy*

Federal Rule of Civil Procedure 59(e) allows a district court to alter or amend a judgment to correct manifest errors or prevent injustice. See *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). While Mr. DesGraves does not dispute the Court's entry of judgment, he respectfully requests limited reconsideration or modification to:

- Allow for structured payment arrangements;
- Reflect his changed status as a represented party;
- Recognize his effort to amicably resolve the matter without further judicial involvement.

This amendment need not change the findings of liability but may serve to recalibrate enforcement terms or defer the collection process in a way that benefits all parties.

*B. Stay of Enforcement Beyond the Automatic Period Is Justified Under Rule 62(b)*

Rule 62(a) provides for an automatic 30-day stay of enforcement following the entry of judgment. This period expires on June 13, 2025. To prevent unnecessary post-judgment activity that may hinder settlement, Defendant moves for a continued stay of enforcement under Rule 62(b).

Although Rule 62(b) typically contemplates a bond, courts have discretion to waive that requirement where the moving party demonstrates:

- Good-faith effort to resolve the matter;
- Financial inability to post a full bond;
- Lack of risk of asset concealment or flight; and
- Low prejudice to the prevailing party.

Mr. DesGraves satisfies these criteria. He has made overtures to settle, has no known assets to dissipate, and is willing to disclose income documentation to support his proposal.

*C. Stay of the Permanent Injunction Is Also Appropriate Under Rule 62(d)*

Rule 62(d) authorizes the Court to stay an injunction pending appeal or further proceedings. Defendant respectfully requests that the Court temporarily stay the injunctive relief entered in this case, not to avoid compliance, but to preserve the status quo while resolution is pursued.

Mr. DesGraves is no longer engaged in any activity covered by the injunction, and a limited stay will not harm Plaintiffs but will spare all parties the potential for motion practice related to compliance or enforcement during the negotiation window.

<u>IV. PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant Marc P. DesGraves IV respectfully prays that this Court:

1. Grant this Motion to Alter or Amend the Judgment to modify or defer enforcement of the monetary relief awarded against him;
2. Stay enforcement of the Final Judgment for a reasonable period to allow for good-faith settlement negotiations;
3. Award such other and further relief, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

ATTORNEY SHOLDON DANIELS, PLLC
1910 Pacific Avenue, Suite 14225
Dallas, Texas 75201
(844) 746-5366
www.sholdondaniels.com

By:<u>/s/</u>***Sholdon Daniels***

Sholdon T. Daniels
State Bar No. 24092317
Email:
Business@SholdonDaniels.com
ATTORNEY FOR DEFENDANT
MARC P. DESGRAVES IV

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 11, 2025, I contacted counsel for Plaintiff to confer regarding the relief requested in this motion. As of the filing of this motion, no agreement could be reached. I will supplement this certificate if the parties reach resolution.

/s/ Sholdon T. Daniels

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on June 11, 2025 via the Court's CM/ECF system and by email.

/s/ Sholdon T. Daniels